UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TONY ROBERTS,

Plaintiff,

vs.

T.L. GONZALEZ, et al.,

Defendants.

Case No. CV 12-2044-JVS (DTB)

ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. No objections to the Report and Recommendation have been filed herein. Having engaged in a *de novo* review, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge, except as noted below.

With respect to defendants' contention that plaintiff failed to exhaust his administrative remedies, the Magistrate Judge concluded that plaintiff's failure to exhaust was excused because prison officials improperly screened his administrative grievance at the first level of review. The Magistrate Judge further concluded that although plaintiff's appeal at the first level of review only raised allegations regarding

the first incident involving the use of pepper spray, the appeals coordinator would have similarly rejected a grievance regarding the second incident for the same reasons, and as such, attempting to exhaust his administrative remedies as to the second pepper spray incident would have been futile. The Court disagrees with the Magistrate Judge's conclusion.

Although plaintiff attempted to exhaust his claims related to the July 10, 2011 pepper spray incident, plaintiff has presented no evidence that he attempted to exhaust his administrative remedies with respect to the August 19, 2011 pepper spray incident. Courts have excused an inmate's failure to exhaust when the inmate has taken reasonable and appropriate steps to exhaust his claim, but was precluded from exhausting, "not through his own fault . . . ." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). For instance, in Nunez v. Duncan, 591 F.3d 1217, 1221-26 (9th Cir. 2010), the Ninth Circuit excused Nunez's failure to exhaust his administrative remedies within the prescribed time limits because the Warden had relied on an incorrect citation to a regulation that was unrelated and "restricted" from inmates and Nunez had timely taken "reasonable and appropriate steps to obtain it." The Ninth Circuit explained that "[r]ational inmates cannot be expected to use grievance procedures to achieve the procedures' purpose when they are misled into believing they must respond to a particular document in order to effectively pursue their administrative remedies and that document is then not available." Id. at 1226. Similarly, the improper screening of an inmate's administrative grievance renders administrative remedies effectively unavailable such that exhaustion is not required. Sapp, 623 F.3d at 823.

In the present case, however, plaintiff fails to allege that he ever attempted to file an administrative grievance regarding the August 19, 2011 pepper spray incident. The first grievance that was rejected did not mention the August 19, 2011 incident and, therefore, plaintiff cannot establish that any improper screening prevented him from exhausting his administrative remedies with respect to the second incident. See

Sapp, 623 F.3d at 824. Accordingly, under the circumstances, the Court concludes that plaintiff has failed to exhaust his administrative remedies with respect to his claims relating to the August 19, 2011 pepper spray incident because he did not attempt to pursue his administrative remedies regarding this incident prior to filing his Complaint. As such, plaintiff's claims against defendant Ramos must be dismissed without leave to amend, although plaintiff may file a new action regarding these claims in the event he exhausts his administrative remedies. See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).

Consequently, the Court also concludes that it is premature to address plaintiff's claims relating to the August 19, 2011 pepper spray incident on the merits. Therefore, the Court also declines to adopt those portions of the Report and Recommendation concluding that plaintiff has sufficiently stated a claim against Ramos for violation of plaintiff's Eighth Amendment rights and that Ramos is not entitled to qualified immunity on this claim.

In light of the foregoing, IT THEREFORE IS ORDERED that (1) Defendants' Motion to Dismiss for failure to exhaust administrative remedies is granted with respect to the August 19, 2011 incident without leave to amend and denied with respect to the July 10, 2011 incident; (2) that Miranda's Motion to Dismiss plaintiff's Eighth Amendment deliberate indifference claim is denied; (3) that defendants' Motion to Dismiss plaintiff's Fourteenth Amendment claims is granted without leave to amend; (4) that Gonzalez, Sweeny, and McAlister's Motion to Dismiss plaintiff's failure to train and supervise claim is granted with leave to amend; (5) that defendants' Motion to Dismiss plaintiff's state law negligence claim is granted with leave to amend; (6) that defendants' Motion to Dismiss based on qualified immunity is denied with prejudice as to Miranda and without prejudice as to Ramos, Gonzalez, Sweeny, and McAlister; and (7) that plaintiff, if he still desires to pursue any of the claims that have been dismissed with leave to amend, is ordered to file a First Amended Complaint within 30 days of the date of this Order. If plaintiff does not file

a First Amended Complaint, the Court will order defendant Miranda to serve and file an Answer to the Complaint.

Dated: August 29, 2013

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE